## ALIMONY IN A LUMP SUM.

Court of Appeals for Hamilton County.

LUCILE LAWSON BAKER v. THORNE BAKER.

Decided, January 10, 1914.

*Divorce and Alimony—Allowance of Alimony as Fixed on Appeal— Wife's Inchoate Right of Dower.*

In fixing alimony, in cases where there are no children and the probabilities are that the lives of the parties will diverge, the preferable form of permanent alimony is a lump sum, having in mind the fact that the wife can not be divested of her inchoate right of dower in the real estate owned by her husband during the coverture.

*Harmon, Colston, Goldsmith & Hoadly,* for plaintiff.
*John C. Healy,* contra.

BY THE COURT.

Under the rule laid down in *Cox* v. *Cox,* 19 O. S., 502, on an appeal from a decree for alimony to this court all the issues of fact upon which the rights of the parties depend with respect to alimony are reopened for trial, notwithstanding a divorce was granted in the court below. This divorce is unaffected by the appeal, and this court has no power to review or disturb that part of the decree which relates to the divorce, although the correctness of the decree made by the lower court may well be doubted from a review of the evidence before us. That decree is now a finality and so fixes the status of the parties as they now appear before us that it becomes an element of consideration in determining the question of alimony.

The court has carefully considered all of the evidence submitted to us, which comprises all of the evidence taken in the court below and some further evidence submitted in relation to the property of the respective parties. After full consideration the conclusion is reached that plaintiff is entitled to a judgment against defendant, for permanent alimony in the sum of seventy-five hundred ($7,500) dollars, this sum to be made pay-

able, without interest, in installments extending over a period not to exceed four years—the time and amount of such installments to be agreed upon by the parties before the entry of decree, and upon failure of such agreement to be fixed by the court.

In a case of this kind, there being no children, and the probabilities being that the lives of the parties will hereafter diverge, we see no reason for making an allowance of alimony in the form of a continuing order payable in monthly installments, and believe that the payment of a fixed amount within a short time is more in compliance with the provisions of law and will better serve the welfare of both parties. And in fixing the amount named we have in mind that under the provisions of the General Code, 11991, as construed by the Supreme Court in *DeWitt* v. *DeWitt*, 68 O. S., 340, the court is without power in this case to divest the wife of her inchoate dower in the real estate owned by the husband during the coverture. A counsel fee of $500 was allowed plaintiff in the court below, and if this amount has not been paid by the defendant, the decree in this court should provide for its payment.